## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANNON NEWTON<br>4416 Grove Avenue<br>Trevose, PA 19053 | : <br> : <br> : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No.: _____ |
| | : | |
| v. | : | |
| | : | |
| RED ROOF INNS, INC. *d/b/a* RED ROOF INN<br>605 South Front Street<br>Columbus, OH 43215 | : <br> : <br> : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |
| | : | |

## CIVIL ACTION COMPLAINT

Shannon Newtown (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Red Roof Inns, Inc. *d/b/a* Red Roof Inn of the Americans with Disabilities Act, as amended ("ADA" – 42 U.S.C. §§ 12101 *et seq.*) and the Pennsylvania Human Relations Act ("PHRA").[1]  As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes.  She is required to wait 1 full year before initiating a lawsuit from the date of dual-filing with the EEOC.  Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue letter under the ADA.  Plaintiff's PHRA claims however will mirror identically her federal claims under the ADA.

3.      This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.      Plaintiff filed a Charge of Discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said Charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted her administrative proceedings with the EEOC before initiating this action by timely filing her Charge of Discrimination with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8.      Defendant Red Roof Inns, Inc. *d/b/a* Red Roof Inn (*hereinafter* "Defendant") operates and franchises a chain of hotels in several states across the United States (including Pennsylvania), with a corporate location as set forth in the caption. Plaintiff was employed through and worked at Defendant's Red Roof Inn located at 3011 Cabot Blvd., Langhorne, PA 19047.

9.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

10.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.      Plaintiff was employed by Defendant in a Guest Services/night auditor role from in or about October of 2017 through on or about April 11, 2018, for Defendant's Red Roof Inn located at 3011 Cabot Blvd., Langhorne, Pennsylvania.

12.      At all relevant times during Plaintiff's employment with Defendant, Plaintiff was suffering from serious and long-term disabilities, including but not limited to Anxiety, Post-Traumatic Stress Disorder, Depression and other related health conditions/complications.

13.      As a result of her aforesaid health conditions, Plaintiff suffered from panic-attacks, sweats, distress, and insomnia, which (at times) limited her ability to sleep, engage in social interaction, and work – among other daily life activities.

14.      Despite her aforementioned health conditions and limitations, Plaintiff was still able to perform the duties of her job well with Defendant; however, Plaintiff did require reasonable medical accommodations at times (discussed further *infra*).

15.      Plaintiff was interviewed and hired by Defendant's Hotel Manager, Jerry Williams (*hereinafter* "Williams").

16.      During Plaintiff's initial application/interview with Defendant, Williams informed Plaintiff that they were looking to fill a position for 24-32 hours per week.  Plaintiff informed Williams that because of her aforesaid disabilities, she required a schedule of only 3 days per

week for a total of 24 hours per week.   Plaintiff explained to Williams that working additional shifts or hours would exacerbate her known disabilities.

17.     Knowing Plaintiff's health conditions and need for an accommodation to only work 24 hours per week, Williams agreed to Plaintiff's 3 day/24 hour per week schedule and hired her.

18.     Upon hire, Plaintiff worked Sundays, Mondays, and Tuesdays from 11:00 p.m. until 7:00 a.m. for a total of 24 hours per week.

19.     The aforesaid schedule lasted for approximately one month, at which point in time, William began gradually ask Plaintiff to cover additional shifts, in addition to changing the hours and days for each of her shifts.

20.     By the end of November 2017, Plaintiff was being asked to and actually worked 40 hours per week.

21.     The additional hours that Plaintiff was assigned and the change in schedule exacerbated her disabilities, which required additional treatment and medication.

22.     For example, in addition to the added hours, Williams would often schedule Plaintiff for a 11:00 p.m. to 7:00 a.m. shift on one night, followed by a 3:00 p.m. to 11:00 p.m. shift the following day.   The lack of time off between these shifts increased Plaintiff's insomnia, anxiety, and panic-attacks.

23.     Plaintiff reiterated to and reminded Williams on several occasions the mutual understanding at the time of her hire (i.e. that she could not work beyond 24 hours per week without exacerbating her aforesaid health conditions).   In response, Williams would always tell Plaintiff "I need you here," and "I have a business to run."[2]

_____

[2] To further establish Williams' pattern of hostility toward Plaintiff, in or about March of 2018, Plaintiff injured her wrist at home and was initially required to wear a half-arm cast and stay home for two days. When Plaintiff went

24.     Despite Plaintiff's repeated requests, Williams failed to accommodate Plaintiff's aforesaid health conditions by refusing to provide her with a 24-hour per week schedule (even though he had agreed to provide this accommodation prior to hiring her and was in fact providing this accommodation for the first approximate month of her employment).

25.     Because Plaintiff was afraid to lose her job, she continued to work against her limitations.  Toward the end of Plaintiff's employment, she was consistently being scheduled for and worked up to six days per week – **double** the amount of days Plaintiff and Williams had agreed upon at the time of her hire.

26.     As a result of Plaintiff's increased schedule, Plaintiff began to develop debilitating headaches, and even greater anxiety and panic-attacks, which required an increase in and change to her medications.

27.     Therefore, on or about April 11, 2018, Plaintiff's doctor faxed a letter to Williams reiterating what Plaintiff had already informed Williams of prior to being hired: "due to [Plaintiff's] mental health condition she can only work 24 hours per week."

28.     Immediately after receiving Plaintiff's doctor's April 11, 2018 letter, Williams called Plaintiff and informed her that he could not accommodate her requested 24 hours per week schedule and terminated her.  Williams further informed Plaintiff that she "had screwed over a lot of people" and "she should have a nice life."

29.     Defendant's management rejected Plaintiff's aforesaid accommodation requests without providing any logical or legitimate reason as to why and without first engaging in any interactive process, as required by the ADA.  Plaintiff believes and avers that she was terminated

---

back to the doctor after two days, she was informed by her physician that she should stay out of work a little longer until her wrist healed. Plaintiff thereafter asked Williams if she could take off a few additional days due to her wrist injury, in order for it to properly heal. Williams responded "no" without providing any reason as to why. Plaintiff was forced to return to work immediately and work through the pain in her wrist.

because of her known, perceived and/or record of disabilities, and in retaliation for requesting reasonable medical accommodations, and /or Defendant's complete and utter failure to accommodate Plaintiff's health conditions.

**COUNT I**
**Violations of the American's with Disabilities Act, as amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)**

30.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31.    At all relevant times during Plaintiff's employment with Defendant, Plaintiff was suffering from serious and long-term health disabilities, including but not limited to Anxiety, Post-Traumatic Stress Disorder, Depression and other related health conditions/complications.

32.    As a result of her aforesaid disabilities, Plaintiff suffered from panic-attacks, sweats, distress, and insomnia, which (at times) limited her ability to sleep, engage in social interaction, and work – among other daily life activities.

33.    Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendant; however, Plaintiff did require reasonable medical accommodations at times.

34.    Plaintiff informed Defendant's management during the interview/application process that she would only be able to work 24 hours per week due to her health conditions.

35.    Defendant agreed to provide Plaintiff with the aforesaid reasonable accommodation and Plaintiff was only scheduled to work 24 hours a week for the first approximate month after her hired date.

36.    Approximately one month after Plaintiff's hire date, Defendant began refusing Plaintiff's request to work only 24 hours per week without providing her with a logical or legitimate reason as to why and also failed to engage in any interactive process with her.

37.    Instead of accommodating her health conditions, Defendant continued to assign Plaintiff additional hours and consecutive shifts, which only exacerbated her health conditions.

38.    As a result of her exacerbated health conditions, on or about April 11, 2018, Plaintiff's doctor faxed a letter to Williams reiterating what Plaintiff had already informed Williams of prior to being hired: "due to [Plaintiff's] mental health condition she can only work 24 hours per week."

39.    Immediately after receiving Plaintiff's doctor's April 11, 2018 letter, Williams called Plaintiff and informed her that he could not accommodate her requested 24 hours per week schedule and terminated her.  Williams further informed Plaintiff that she "had screwed over a lot of people" and "she should have a nice life."

40.    Therefore, Plaintiff believes and avers that she was terminated from Defendant because of: (1) her known and/or perceived health problems; (2) her record of impairment; (3) in retaliation for requesting reasonable medical accommodations, and/or (4) Defendant's complete and utter failure to accommodate Plaintiff's health conditions.

41.    These actions as aforesaid constitute unlawful discrimination, retaliation, and a failure to accommodate under the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, 401(k) and retirement, training, promotions, reinstatement and seniority;

C.      Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers form engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress, pain, suffering, and humiliation); and

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

KARPF, KARPF & CERUTTI, P.C.

By:     _____
        Ari R. Karpf, Esq.
        3331 Street Rd.
        Two Greenwood Square, Suite 128
        Bensalem, PA 19020
Dated: November 8, 2018     (215) 639-0801

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Shannon Newton                                                    CIVIL ACTION

v.

Red Roof Inns, Inc., d/b/a Red Roof Inn  :                        NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (X )


| 11/9/2018 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:   4416 Grove Avenue, Trevose, PA 19053

Address of Defendant:   605 South Front Street, Columbus, OH 43215

Place of Accident, Incident or Transaction:   Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/9/2018      *Attorney-at-Law / Pro Se Plaintiff*      ARK2484 / 91538
      *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.   Federal Question Cases:**

- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [x] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases *(Please specify):*

**B.   Diversity Jurisdiction Cases:**

- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):*
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases *(Please specify):*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf , counsel of record *or pro se plaintiff*, do hereby certify:

- [x] Pursuant to Local Civil Rule 53.2, § 3(c )(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- [ ] Relief other than monetary damages is sought.

DATE: 11/9/2018      *Attorney-at-Law / Pro Se Plaintiff*      ARK2484 / 91538
      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

NEWTON, SHANNON

**(b)** County of Residence of First Listed Plaintiff **Bucks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

RED ROOF INNS, INC. d/b/a RED ROOF INN

County of Residence of First Listed Defendant **Franklin**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| 1  U.S. Government Plaintiff | X 3  Federal Question *(U.S. Government Not a Party)* |
| 2  U.S. Government Defendant | 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- X 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| X 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from Another District *(specify)* | 6 Multidistrict Litigation - Transfer | 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)
Brief description of cause:
Violations of the ADA and PHRA

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    X Yes    No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
11/9/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

Print    Save As...    Reset